U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 2 5 2018
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROY ROBERTSON MALLARD JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:17-CV-239-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

Before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Roy Robertson Mallard Jr., a state prisoner, against Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

In April 2011, petitioner was indicted in Tarrant County, Texas, Case No. 1216298D, on one count of arson. (Clerk's R. 5-6, doc. 8-1.) The indictment also included deadly-weapon and habitual-offender notices. On July 25, 2012, a jury found petitioner guilty of the offense and found that he used or exhibited a deadly weapon during commission of the offense. (Id.

at 34-36.) Thereafter, the trial court found the habitual-offender notice true and assessed petitioner's punishment at 40 years' confinement in TDCJ. (Id. at 47.) On appeal, the state appellate court affirmed the trial court's judgment and, on February 11, 2015, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (Mem. Op. 5, doc. 8-8; Pet. Ref'd, doc. 8-10.) Petitioner did not seek writ of certiorari. (Pet. 3, doc. 1.) On February 6, 2016, petitioner filed a postconviction state habeas-corpus application challenging his conviction and sentence, which was denied by the Texas Court of Criminal Appeals on September 7, 2016, without written order on the findings of the trial court.[1] (SHR[2] 18, doc. 8-12; Action Taken, doc. 8-11.) This federal petition challenging his conviction and sentence was filed on March 16, 2017.[3] (Pet. 10.)

## II. Issues

In five grounds for relief, Petitioner complains of ineffective assistance of trial (grounds one through four) and

---

[1] Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The application does not provide the date petitioner placed it in the prison mailing system, however he signed the "Inmate's Declaration" on February 6, 2016. (WR-82,656-01 18, doc. 8-12.) For purposes of this opinion the application is deemed filed on that date.

[2] "SHR" refers to the record of petitioner's state habeas proceeding in WR-85,527-01.

[3] Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

appellate counsel (ground five). (Pet. 6-7 & Insert, doc. 1.) Respondent asserts that the petition is untimely under the federal statute of limitations. (Resp't's Answer 3-8.)

### III. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

3

With limited exceptions not applicable here, under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. Therefore, petitioner's conviction became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on May 12, 2015. *See Jimenez v. Quarterman,* 565 U.S. 134, 119-20 (2009); SUP. CT. R. 13. Therefore, the statute of limitations began to run the following day and closed one year later on May 12, 2016, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's state habeas application operated to toll limitations for 215 days, making his petition due on or before December 13, 2016. Thus, Petitioner's federal petition is untimely unless he demonstrates that equitable tolling is justified.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a "convincing showing" that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013);

4

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Petitioner makes no assertion of actual innocence. Rather, for purposes of triggering subsection (B) and/or justifying equitable tolling, he asserts that the state courts and his trial and appellate counsel created an "unconstitutional impediment" to his timely filing by denying his motions and letter requests for a free copy of his case file and state court records to assist him in pursuing postconviction habeas relief. (Pet'r's Reply 4-6, doc. 13.) However, an indigent prisoner does not have a constitutional right to free copies of transcripts and other court records for use in a collateral proceeding. *See Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975). Further, it is well settled that a prisoner's pro se status, indigence, lack of knowledge of filing deadlines, and difficulty obtaining records, all common problems for prisoners who are trying to pursue postconviction habeas relief, do not justify equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999). Petitioner fails to demonstrate that equitable tolling is justified.

Accordingly, petitioner's federal petition was due on or before December 13, 2016. His petition, filed on March 16, 2017, is therefore untimely.

For the reasons discussed, it is ORDERED that petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, DISMISSED as time-barred. Petitioner has not made a showing that reasonable jurists would question this court's procedural ruling. Therefore, it is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED July 25, 2018.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE